UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS R COCHRAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-1121 ) |
| SMITH & NEPHEW, INC., NEUBAUER PERKINS, INC., | ) ) ) ) |
| Defendants. | ) |

# ORDER AND OPINION

This matter is now before the Court on Plaintiff's [4] Motion to Remand. For the reasons set forth below, Plaintiff's Motion [4] to Remand is Denied. The Plaintiff is granted 14 days from this Order to amend the Complaint or otherwise remedy the jurisdictional defects identified below.

### BACKGROUND

On May 8, 2014, Plaintiff Doris Cochran filed a products liability action against Defendant Smith & Nephew, Inc. ("SNI") and four other affiliates in the Circuit Court of the Tenth Judicial Circuit in Tazewell County, Illinois. On June 30, 2014, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. See *Cochran v. Smith & Nephew, Inc.*, No. 14-1264 (C.D. Ill. 2014). This Court had subject matter jurisdiction over the action because there was complete diversity of citizenship among the parties. See 28 U.S.C. § 1332. On August 15, 2014, Plaintiff voluntarily dismissed all Defendants except SNI, and on April 29,

1

2015, this Court granted Plaintiff's motion to voluntarily dismiss "in accordance with the record made by Defendants in their response."[1]

This action was filed by Plaintiff on April 21, 2016, naming SNI and Neubauer Perkins, Inc. ("NPI") as Defendants. Counts 1 and 2 of the Complaint state claims of strict and negligent product liability against SNI; Counts 3 and 4 assert the same against NPI. Counts 5 and 6 claim breaches of implied and express warranties by both SNI and NPI. The Complaint alleges that Plaintiff is a citizen of Illinois, SNI is a citizen of Tennessee, and NPI is a citizen of Illinois. Because Plaintiff and NPI were both alleged to be citizens of Illinois, the Court ordered Plaintiff to file an amended complaint alleging an adequate basis for this Court's jurisdiction. See 28 U.S.C. § 1332(a); ECF Doc. 2. On May 4, 2015, instead of amending the Complaint, Plaintiff filed a motion to remand. Plaintiff's motion argues that SNI, as "[t]he party seeking to invoke Federal jurisdiction . . . bears the burden of proof to show that removal is proper." Plaintiff then concludes that complete diversity of citizenship is absent due to NPI's presence and therefore the case "should be remanded to the Circuit Court of Tazewell County pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1447(e)."

In response, SNI argues that Plaintiff knew she had a claim against SNI as early as July 4, 2010. Thus, SNI claims that under the applicable statutes of limitation, Plaintiff's products liability claims expired on July 4, 2012, and Plaintiff's warranty claims expired in September 2013. SNI also argues that the addition of NPI as a Defendant should be disregarded in the jurisdictional analysis because NPI was fraudulently joined in order to defeat diversity jurisdiction. Defendants request that the Court deny Plaintiff's motion to remand, order Plaintiff to address the statute of limitations issue, and dismiss NPI.

---

[1] The relevant portion of SNI's response stated that "[i]n the event Ms. Cochran refiles her lawsuit, Smith & Nephew, Inc. requests that discovery be stayed and the very first and initial matter to be addressed by the Court be the statute of limitations issue."

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Section 1332(a)(1) confers upon district courts jurisdiction to hear state law claims when complete diversity of citizenship exists between the parties: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Thus, "§ 1332 allows *plaintiffs* to invoke the federal courts' diversity jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (emphasis added). When a plaintiff files a civil action in state court, "§ 1441 gives defendants a corresponding opportunity." *Id*. Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

While both § 1332 and § 1441 allow parties to invoke a federal court's diversity jurisdiction, "[t]he scales are not evenly balanced." *Id*. at 89-90. This is so because an in-state plaintiff may use § 1332 to establish diversity jurisdiction, but § 1441(b) bars defendants from removing an action to federal court on the basis of diversity if they are citizens of the state in which the action is brought. *Id*. at 90. Additionally, § 1446 places several procedural restrictions on removal. See 28 U.S.C. § 1446.

**ANALYSIS**

*(1) The Complaint Fails to Allege an Adequate Basis for this Court's Jurisdiction*

Jurisdiction of the Court depends upon the state of things at the time the action is brought. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). Plaintiff, a citizen of Illinois, initiated this products liability action in federal court against SNI and NPI. SNI is a Tennessee corporation with its principal place of business in Memphis, Tennessee. NPI is an Illinois corporation with its principal place of business in Northbrook, Illinois. Thus, Plaintiff's Complaint is insufficient to establish compete diversity under § 1332 because Plaintiff and NPI are not "citizens of different states." 28 U.S.C. § 1332(a). Although Plaintiff attempts to shift the burden of establishing jurisdiction to Defendants, she acknowledges that "the required total diversity of citizenship in this case is lacking due to the presence of Illinois citizenship of the Plaintiff and of a Defendant such that the District Court lacks subject matter jurisdiction . . . ." ECF Doc. 4-2, at 5.

*(2) Plaintiff's Motion to Remand must be Denied*

Plaintiff also places the incorrect burden on the incorrect party by stating that SNI, as "[t]he party seeking to invoke [f]ederal jurisdiction . . . bears the burden of proof to show that removal is proper." Again, because Plaintiff filed her Complaint in this Court, she bears the burden of establishing diversity jurisdiction. And because this case was not removed from state court, the statutory procedures for removal are inapplicable. See 28 U.S.C. § 1441 ("[A]ny civil action *brought in a State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . .") (emphasis added).

Plaintiff cites §§ 1447(c) and 1447(e) in support of her motion to remand. However, § 1447(c) provides that motions to remand must be filed within 30 days "after the filing of the

notice of removal." Similarly, § 1447(e) authorizes the Court to either deny a plaintiff's post-removal attempt to join a diversity-destroying defendant, or "permit joinder and remand the action to the State court." 28 U.S.C. § 1447. Thus, § 1447 provides for remand of actions that originated in state court and subsequently removed to federal court. Simply put, Plaintiff's attempt to remand an action that was never removed puts the cart before the horse.

To the extent that the parties rely on the removal in the prior, voluntarily dismissed action, that reliance is misplaced. First, that action was voluntarily dismissed "in accordance with the record made by Defendants in their response." See Order of Dismissal, *Cochran v. Smith & Nephew*, No. 14-1264 (C.D. Ill. Apr. 29, 2015). SNI's response stated, in relevant part, "[i]n the event Ms. Cochran refiles her lawsuit, Smith & Nephew, Inc. requests that discovery be stayed and the very first and initial matter to be addressed by the Court be the statute of limitations issue." Notably absent from the response is any requirement that Plaintiff refile her suit in federal court. Second, the earlier removed action was dismissed; it was not stayed or reopened. Thus, Plaintiff's filing of her Complaint in this Court initiated a new action that was not removed from—and cannot be remanded to—any state court. Having determined that diversity jurisdiction is lacking and remand is unavailable, the question then becomes whether to dismiss NPI as the diversity-destroying party or dismiss the action entirely.

*(3) Dismissal of NPI is Unlikely to Remedy the Jurisdictional Defect*

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Rule "allows the district court to dismiss so-called 'jurisdictional spoilers'—parties whose presence in the litigation destroys jurisdiction—if those parties are not indispensable and if there would be

no prejudice to the parties. *In re Lorazepam & Clorazepate Antirust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-32 (1989)).

Plaintiff's Complaint includes claims of strict liability against both the manufacturer of the device, SNI, and the distributor, NPI. In Illinois, 735 ILCS 5/2-621 governs the liability of non-manufactures in strict liability actions. "Although the Distributor Statute falls within the Illinois Code of Civil Procedure, federal courts must apply the rule because, under the test articulated by *Hanna v. Plumer*, its application implicates 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Whelchel v. Briggs & Stratton Corp.*, 850 F. Supp. 2d 926, 932 (S.D. Ill. 2012). The Illinois Distributor Statute provides, in relevant part:

> (a) In any product liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. The commencement of a product liability action based on any theory or doctrine against such defendant or defendants shall toll the applicable statute of limitation and statute of repose relative to the defendant or defendants for purposes of asserting a strict liability in tort cause of action.
>
> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a product liability action based on any theory or doctrine against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section . . . .
>
> The plaintiff may at any time subsequent to the dismissal move to vacate the order of dismissal and reinstate the certifying defendant or defendants, provided plaintiff can show one or more of the following:
>
> (1) That the applicable period of statute of limitation or statute of repose bars the assertion of a cause of action against the manufacturer or manufacturers of the product allegedly causing the injury, death or damage; or
> (2) That the identity of the manufacturer given to the plaintiff by the certifying defendant or defendants was incorrect. Once the correct identity of the

>     manufacturer has been given by the certifying defendant or defendants the
>     court shall again dismiss the certifying defendant or defendants . . . .
>
> (c) A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:
>   (1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or
>   (2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage . . . .

735 ILCS 5/2-621.

"At common law, all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors, and lessors of the product, are strictly liable in the products liability actions for injuries resulting from that product." *Brobbey v. Enter. Leasing Co.*, 404 Ill. App. 3d 420 (2010). Section 2-621 generally provides for the dismissal of a non-manufacturer such as NPI after they certify the identity of the manufacturer. See 735 ILCS 5/2-621(b). However, the certifying defendant's dismissal is subject to subsection (c), which prohibits a court from dismissing the non-manufacturer defendant if the plaintiff can show that the defendant exercised significant control over the design or manufacture of the product, provided warnings to the manufacturer about the alleged defect, or had actual knowledge of the defect in the product. § 2-621(c).

Here, NPI is not currently entitled to dismissal because they have not yet certified the identity of the manufacturer as required under subsection (a). Moreover, Plaintiff's Complaint alleges that NPI had actual knowledge of the alleged defect in the medical device that caused Plaintiff's injuries and provided warnings to SNI about the alleged defects. See ECF Doc. 1, at

15, 17. Thus, based on the pleadings currently before the Court, subsection (c) would also prohibit dismissal of NPI.

Defendants argue that NPI was fraudulently joined because Plaintiff's claims against both Defendants are barred by the statute of limitations. However, myriad reasons consul against such a determination. First, the fraudulent joinder doctrine generally applies to a plaintiff's attempt to join a non-diverse defendant in order to defeat removal and remand an action back to state court. As stated more thoroughly above, this action was not removed. Where an action is originally filed in federal court, Rules 19 and 21 govern the joinder of parties. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the mater of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties.").

Second, assuming that the fraudulent joinder doctrine is proper outside of the context of removed actions, the "common defense" rule bars its application here. The common defense rule provides that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1048 (S.D. Ill. 2006) (quoting *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1002 (S.D. Ill. 2006)). Rather, in order to establish fraudulent joinder, "defendants must show a flaw specific to the joinder of a non-diverse party, which is the jurisdictionally relevant aspect of the claim." *Id*. Here, because SNI and NPI assert a common statute of limitations defense, fraudulent joinder does not apply. *Id*. Moreover, Defendants cannot establish fraudulent

joinder because § 2-621(b)(1) expressly provides for reinstatement of NPI in the event that Plaintiff's claims against SNI are barred by the statute of limitations.

Dismissal of NPI at this stage of the litigation would only kick the jurisdictional can down the road, creating a substantial risk that the parties will have to relitigate from the beginning in state court. See *Sabo v. Dennis Techs., LLC*, No. 07-283, 2007 WL 1958591, at *8 (S.D. Ill. July 2, 2007) ("[T]he fact that federal courts are courts of limited jurisdiction imposes special risks on litigants, especially litigants who choose to proceed in federal court where the grounds for federal subject matter jurisdiction are not clear, namely, that months and years of litigation may be in vain as a result of jurisdictional error."). Here, dismissal under the distributor statute is provisional, and non-manufacturer defendants who are dismissed under the statute are still subject to later reinstatement under subsection (b). See *LaRoe*, 472 F. Supp. 2d at 1051 (quoting *Kellerman v. Crowe*, 199 Ill. Dec. 591 (1987)) ("Because non-manufacturer defendants dismissed under the statute remain in effect parties to a products liability action, Illinois law treats dismissals of such defendants under the statute as non-final.").

In *LaRoe*, the district court considered a similar products liability action and found that "[a]lthough 735 ILCS 5/2-621 does not provide expressly that a non-manufacturer defendant remains a party to a products liability action after dismissal pursuant to the statute, it is clear that under the statute such a defendant remains functionally a party, susceptible [to] reinstatement at any time before judgment." *Id*. at 1053. Because the non-diverse distributors would continue to remain "phantom parties" after their dismissal, the court found that diversity jurisdiction was lacking and remanded the action to the state court. *Id*. Here, Plaintiff's current allegations are sufficient to preclude dismissal under § 2-621(c). Moreover, Defendants have not addressed the distributor statute, and even if the current pleadings were insufficient to justify keeping NPI in

the litigation at this time, that dismissal would be subject to later reinstatement of NPI under § 2-621(b). In sum, the absence of NPI is likely to prejudice Plaintiff in the event that SNI prevails the statute of limitations issue. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. at 830-32. And if joinder of NPI is later required, complete diversity would be lacking and the parties will have to relitigate the issue in state court.

*(4) Notice to the Parties*

The Court lacks diversity jurisdiction due to NPI's presence as a non-diverse defendant. Because this action was not removed, the Court cannot grant Plaintiff's motion to remand the action to state court. Defendants' request to dismiss NPI must likewise be denied because the provisional effect of the distributor statute makes NPI's reinstatement likely. In other words, neither party contemplated dismissal of this case. Because the Court's *sua sponte* dismissal may bar Plaintiff from refiling in state court, this Order shall serve as notice to the parties that the Court intends to dismiss this action for lack of subject matter jurisdiction. See *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836–37 (7th Cir. 1996). Accordingly, Plaintiff is granted 14 days from this Order to amend the Complaint or otherwise remedy the jurisdictional defects.

## CONCLUSION

For the reasons stated above, Plaintiff's [4] Motion to Remand is Denied. Plaintiff is granted leave to amend her Complaint within 14 days of this Order. Failure to remedy the defects identified above will result in dismissal for lack of subject matter jurisdiction.

Signed on this 15th day of September, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge